Gregory Brown, NYSB No. 4366498
McCarron & Diess
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Tel: (631) 425-8110
Fax: (631) 425-8112
gbrown@mccarronlaw.com
*Pro Hac Vice*

Patrick E. Mahoney, ISB No. 5242
Mahoney Law, PLLC
1211 W. Myrtle Street, Suite 350
Boise, Idaho 83702
Tel: (208) 345-6364
Fax: (208) 342-4657
patrick@patrickmahoneylaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD JANICEK d/b/a JANICEK FARMS and BLUE DIAMOND TURF, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FRUITS HOLDINGS, LLC d/b/a FOUR RIVERS ONION PACKING,<br><br>Defendant. | Case No. 1:16-cv-00489-DVB<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO <u>FED. R. CIV. P. 12(b)(6)</u>** |

Defendant First Fruits Holdings, LLC d/b/a Four Rivers Onion Packing ("Four Rivers" or "Defendant"), by and through undersigned counsel, submits this reply memorandum of law in further support of its motion (Docket Nos. 16-17) (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss claims asserted by plaintiffs Brad Janicek d/b/a Janicek Farms ("Janicek") and Blue Diamond Turf, LLC ("Blue Diamond") (Janicek and Blue Diamond collectively,

"Plaintiffs") under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA").

## I. PRELIMINARY STATEMENT

Four Rivers moved to dismiss Plaintiffs' fifth and sixth causes of action for alleged violation of Plaintiff's purported PACA trust rights. Four Rivers has not moved to dismiss Plaintiffs' seventh cause of action for alleged violation of PACA's unfair conduct provisions. Though Four Rivers maintains that all three causes of action lack any merit, Defendant acknowledges that PACA generally applies to the subject transactions, and thus cannot demonstrate on a motion to dismiss that Plaintiffs' alleged violation of PACA's unfair conduct provisions fails to state a claim as a matter of law. The same cannot be said for the alleged violation of PACA's trust provisions. The facts alleged in the complaint, and contained in its exhibits, conclusively demonstrate that Plaintiffs' failed to preserve their PACA trust rights as a matter of law because (1) the contract between the parties (the "Contract") contemplates that Plaintiffs will be paid more than 30 days from receipt and acceptance of the goods in violation of 7 C.F.R. 46.46(e)(2), and (2) Plaintiffs' trust notice was sent more than 30 days after payment was due in violation of 7 C.F.R. 46.46(f)(2). There in nothing in Plaintiffs' opposition papers that contradicts these facts.

In opposition to the Motion, Plaintiffs contend that because Four Rivers admits that PACA generally applies, the defects in Plaintiffs' efforts to preserve their trust rights should be ignored. This argument fails to recognize that PACA consists of more than its trust provisions. A produce supplier can have other rights under PACA even if it has no trust rights. See, e.g., *Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC*, 101 F. Supp. 3d 962, 968 (D. Idaho 2015) (distinguishing between claims for relief under PACA's trust provisions versus PACA's unfair

conduct provisions); *Jacob's Vill. Farm Corp.*, 2015 U.S. Dist. LEXIS 130925, at *24 (same). Thus, Defendant's concession as to the general applicability of PACA does not make the Motion any less meritorious.

## II. ARGUMENT

Plaintiffs' opposition relies on misinterpretation and misapplication of PACA and its interpreting regulations to suggest that Plaintiffs did not waive their PACA trust rights by extending payment terms beyond thirty days or failing to provide timely notice of their intent to preserve trust benefits. Neither contention is correct and, accepting as true the facts alleged in and annexed to the Complaint as well as the additional exhibits submitted with the response, there is not a single shred of evidence to establish that Plaintiffs' have any trust rights under PACA. As conceded in their opposition papers, Plaintiffs' claims should be dismissed if they "can prove no set of facts in support of [their] claim which would entitle [them] to relief. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) citing *Conley v. Gibson*, 355 U.S. 41 (1957). Because they have failed to carry this burden, Four Rivers requests that the Motion be granted in its entirety.

### A. Plaintiffs' Failed to Timely Preserve Their Trust Rights

There is no reasonable dispute that Plaintiffs' failure to send a timely trust notice precludes them from any relief under PACA's trust provisions. 7 C.F.R. § 46.46(f)(2) provides that a notice of intent to preserve trust benefits is timely only if:

> given to the debtor within 30 calendar days: (ii) After expiration of such other time by which payment must be made as the parties have expressly agreed to in writing before entering into the transaction, but not longer than the time prescribed in paragraph (e)(2) of this section[1].

[1] Sub-sections (i) and (iii) are not applicable here because there was a pre-transaction agreement as to the timing of payment and there was no instrument for payment that was dishonored.

7 C.F.R. § 46.46(f)(2). Pursuant to 7 C.F.R. § 46.46(e)(2), the maximum time for payment that can be extended is 30 days after the "receipt and acceptance of the commodities." The Contract contemplates that, with the exception of the August 28, 2016 payment, all other sums due under the Contract were to be paid more than 30 days after receipt and acceptance of the onions, vitiating any potential PACA trust rights Plaintiffs may have to such monies. Therefore, only if Plaintiffs sent their Trust Notice within 30 days of August 28, 2016, or September 27, 2016, could they have preserved any trust rights under the Contract. *In re N. Mich. Fruit Co.*, 433 B.R. 671, 678 (W.D. Mich. 2010). However, as reflected in Exhibit F of the Complaint, Plaintiffs did not serve their Trust Notice until October 14, 2016, more than 30 days after the August 28, 2016 payment date and seventeen days after the deadline. As a result, Plaintiffs failed to timely serve Defendant with any trust notices and they have no PACA trust rights under 7 U.S.C. § 499e(c)(3) as a matter of law.

Plaintiffs look to the definition of "receipt" and "acceptance" at 7 C.F.R. § 46.46(a)(1) and 7 C.F.R. § 46.2(dd), respectively, in support of their contention that the date of "receipt and acceptance" of the yellow onions is "not something that can be determined from the pleadings." Opposition at p. 6. Plaintiffs' theory appears to be that because Defendants rejected the onions, it is unclear when the clock started to run on the thirty days in which Plaintiffs were required to send a trust notice. But this argument is invalidated by the plain language of the Complaint which alleges that Defendant "accepted the yellow onions," Complaint at ¶ 22, and that all deliveries "were complete on August 18, 2016." Complaint at ¶ 24. Thus, based on Plaintiffs' allegations, there is no uncertainty about the date of the "receipt and acceptance" of the produce, and Plaintiff's notices were untimely.

More significantly, if there is any doubt in Plaintiffs' minds about the date of acceptance of the onions, it must mean that Defendant properly rejected the onions that were "received" by it. According to the full definition of "received," when produce is "rejected without reasonable cause …, the goods will be considered to have been received when proffered." 7 C.F.R. § 46.46(a)(1). While Plaintiffs have argued elsewhere that they are entitled to relief against Four Rivers because it's rejection of the onions was improper, taking that position here would remove any of the alleged uncertainty from the Complaint and fix a date for the "receipt" of the onions. Of course, as discussed *supra*, doing so would mean that the notices sent by Plaintiffs were not sent in time to preserve their trust rights; however, Plaintiffs are not in a position to have their cake and eat it too. Either Four Rivers rejected the onions without reasonable cause, creating a date certain for the receipt of the produce and a finite period in which Plaintiffs could have preserved their trust rights, or Four Rivers properly rejected the produce depriving Plaintiffs of the argument that Defendant acted improperly. Plaintiff cannot submit different sets of facts in support of different legal arguments.

In either instance, this Court must conclude that Plaintiffs are not entitled to at least some of the relief demanded in the Complaint. As it relates to the pending Motion, Defendant believes that, at the very least, Plaintiffs failed to preserve their trust rights pursuant to 7 U.S.C. § 499e(c)(3). Plaintiffs do not contend that they preserved any trust rights by including the statutory language on their invoices pursuant to 7 U.S.C. § 499e(c)(4). As a result, Plaintiffs failed to timely preserve any PACA trust rights warranting dismissal of their fifth and sixth causes of action as a matter of law.

//

//

### B. Plaintiffs' Waived Their PACA Trust Rights By Contract

Plaintiffs' opposition papers make no apparent effort to prove that payment terms specified in the Contract did not exceed thirty days, thus effectively conceding that they have no PACA trust rights as a matter of law. As discussed in the motion, pursuant to 7 C.F.R. § 46.46(e), "the maximum time for payment for a shipment to which a seller, supplier or agent can agree, prior to the transaction, and still be eligible for benefits under the trust is 30 days after receipt and acceptance of the commodities." Plaintiffs allege that Four Rivers received and accepted the onions tendered by Plaintiffs beginning on August 10, 2016 (see, Complaint at ¶¶ 17-22; Exhibit C) and that payments were due under the Contract as late as March 20, 2017. See, Complaint at ¶¶ 23-26. Therefore, even if Plaintiffs had timely sent notice of their intention to preserve trust rights, any such notice would have been a nullity as PACA's trust provisions are intended to "protect sellers delivering their produce on essentially cash terms, not to provide protection to sellers who are willing to extend payment terms beyond the statutory maximum." *Overton Distribs. v. Heritage Bank*, 340 F.3d 361, 367 (6th Cir. 2003).

For the sake of argument, even if Defendant were to accept as true the threadbare contentions in Plaintiffs' opposition papers that the actual date of "acceptance" was September 30, 2016 (despite this being at odds with the definition of "acceptance"), Opposition at p. 6, Plaintiffs would still be deemed to have extended payment terms beyond thirty days since payment was not to be completed until March 20, 2017. Therefore, even crediting Plaintiffs' argument which disregards the definition of "acceptance," under any reasonable interpretation of the Contract and the allegations contained in the Complaint and opposition, Plaintiffs must be deemed to have waived their PACA trust rights by contract, depriving them of any right to relief as a matter of law.

## III. CONCLUSION

Plaintiffs have no entitlement to relief under PACA's trust provisions. They waived any trust rights to which they might have been entitled by extending payment terms beyond 30 days and failed to send a timely trust notice for any trust rights that could have conceivably remained. Based on the foregoing, Defendant respectfully requests that its motion be granted in its entirety and that the Court enter an order dismissing Plaintiffs' fifth and sixth causes of action, and granting Defendant such other and further relief as the Court deems just and proper.

Dated: April 5, 2017

Respectfully submitted,

By: /s/ Gregory Brown

McCarron & Diess
Gregory Brown, NYSB No. 4366498
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Tel: (631) 425-8110
Fax: (631) 425-8112
gbrown@mccarronlaw.com
*Pro Hac Vice*

Patrick E. Mahoney, ISB No. 5242
1211 W. Myrtle Street, Suite 350
Boise, Idaho 83702
Tel: (208) 345-6364
Fax: (208) 342-4657
patrick@patrickmahoneylaw.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2017, I electronically filed the foregoing Reply Memorandum of Law in Further Support of Motion to Dismiss, together with all supporting documents, with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System at the email address set forth after each name:

Julie Klein Fischer
jfischer@morrowfischer.com

Laura E Burri
lburri@morrowfischer.com

/s/ Gregory Brown
GREGORY BROWN